## FRAME'S ADMINISTRATORS v. JOHN FISHER.

Supreme Court.   March, 1797.

*Wilson's Red Book, 155.*

*Wilson* for plaintiffs.   *D. Hall* for defendant.

Evidence.   That one hundred bushels of corn were put on board the vessel defendant navigated, for plaintiff's use.   The vessel was H. Neill's, who had corn on board, the quantity uncertain.   That this corn was put on board by Neill's orders.   Defendant stored the cargo in Philadelphia, uncertain when it was sold.   That defendant was upon a bargain for the vessel, which was not completed.   That defendant received the freight one trip.   The vessel was graved at his expense.

Mr. Neill, on argument, was rejected as interested.

This paper was proved by John Hall and was read in evidence, *viz:*

> "Received March 14, 1792, of Mr. John Hall one hundred bushels of corn for the use of Mr. George Frame *per* me John Fisher.   *N.B.*   By orders of Henry Neill."

Defendant's counsel then offered defendant's book to show Mr. Neill had received the money for the corn.   But the Court, without argument, overruled it, and said plaintiff had his choice to resort to Neill or defendant, and defendant's accounts with Neill could be no evidence against the present plaintiff, who is a third person.

PER CURIAM.   READ, C. J.   (Charge.)   The evidence is sufficiently clear to charge the defendant, for the law is that he is liable.   The only question is as to the interest claimed, and you

may clearly allow it in damages. As to the time when the corn was sold, as it is in the power of defendant, and he does not show it, it is therefore to be presumed against him. You are to give it all in one sum as damages.

Verdict for plaintiff for his demand, and interest from six weeks after storing.